TIMOTHY SHEA *v.* JOHN DONAHUE *et al.*

PARTNERSHIP. *Capital.* Under an agreement of partnership for one year, in which it was stipulated that one partner had put in $1,000 to constitute a common stock to be used in buying goods, etc., and that the other should give his entire personal attention and the benefit of his experience to place against the cash furnished, the partners to [bear the expenses and losses jointly, and share the profits equally, the partner who gives his attention and experience is not entitled, upon dissolution, to one-half the cash capital advanced by the other.

FROM KNOX.

Appeal from the Chancery Court at Knoxville. W. B. STALEY, Ch.

J. W. GREEN for complainant.

H. H. TAYLOR for defendants.

COOPER, J., delivered the opinion of the court.

Bill, among other things, for a partnership account between Shea and Donahue. The capital of the partnership business was contributed exclusively by Shea, and the only question raised by the parties is whether Donahue, upon a settlement, is entitled to one-half of the capital thus advanced. The chancellor decided against Donahue, and he has appealed.

The agreement of partnership, entered into March 21, 1877, provided as follows:

" We do hereby agree to become partners as mer-

chants in making, buying and selling all kinds of tinware, stoves, pumps, etc., in the city of Knoxville, Tennessee, for the term of one year from this date, under the style and firm-name of Shea & Donahue. And to constitute a fund for the purpose, Timothy Shea has paid in as stock one thousand dollars, which will constitute a common stock, to be used and employed between us in buying goods, wares and merchandise. John Donahue, being a practical workman, and having considerable experience in the above named business, it is agreed that he will give the business his entire personal attention and the benefit of his experience to place against the cash furnished by said Shea. We are to bear the expenses and losses jointly and share the profits equally. The capital stock is not to be withdrawn by either party until the end of the term, but to be employed as capital unless otherwise mutually agreed between us in writing."

The partnership business was in fact carried on for about three years, the agreement only stipulating for one year. The contention of the defendant is, that by the terms of the agreement he was entitled at the end of one year to an equal share of the profits of the business, and to one-half of the capital advanced by his partner, and this, although it goes without saying, he would retain all his practical experience which was to be placed against the cash furnished by his partner. But the agreement is that the partners are only to "share the profits equally," not the profits and the capital. And the profits of any business are only what remains after deducting

debts and expenses, and the capital paid in: Lindl. on Part., 791, 806. The provision that the capital stock shall constitute a common stock to be used in buying the materials and wares of their trade, merely designates the mode in which it is agreed that the capital shall be invested. And the further provision that the capital stock shall not be withdrawn by either party until the end of the term, was only intended to restrain the partners from drawing funds from the business so at to trench upon the capital while the partnership continued. There is nothing in the article of agreement to take the case out of the ordinary one of a partnership in profit and loss upon unequal capitals.

Of course the articles of a partnership may expressly provide for an equal division of the assets, upon a dissolution, notwithstanding an unequal advance of capitals by the respective partners. The same result may follow a continuous course of dealing upon a basis which implies such equal division. For if there is no evidence from which any different conclusion as to what was agreed can be drawn, the shares of all the partners will be adjudged equal, upon the favorite maxim of chancery, that equality is equity. But, as Mr. Lindley tells us, the rule is when the partners have advanced unequal capitals, and have agreed to share profits and losses equally, without more, each partner is entitled to his advance before division, and a deficiency in the capital must be treated like any other loss, and borne equally by the partners: Lindl. on Part., 807.

The only authorities adduced by the learned coun-sel of the defendants, in support of his contention in this case, are to the effect that property brought into the partnership business by the members of the firm, or bought with the capital advanced becomes partner-ship property, and may be disposed of as such by one of the partners under his general powers as a member of the firm.    And so it does beyond all question, for the very object of contributing capital, either in property or money, is to secure a partner-ship stock for the purpose of carrying on the common business.    But this fact has nothing to do with the settlement between the partners of their accounts at the end of the partnership.    " By the capital of a partnership," says Mr. Lindley, " is meant the aggre-gate of the sums contributed by its members for the purpose of commencing or carrying on the partnership business. .  The capital of a partnership is not there-fore the same as its property ;  the capital is a sum fixed by the agreement of the partners, whilst the actual assets of the firm vary from day to day, and include every thing belonging to the firm and having any money value.    Moreover, the capital of each partner is not necessarily the amount due to him from the firm ;  for not only may he owe the firm money, so that less than his capital is due to him, but the firm may owe him money in addition to his capital, e. g. for money loaned.    The amount of each part-ner's capital ought, therefore, always to be accurately stated, in order to avoid disputes upon a final adjust-ment of accounts ;  and this is more important where

the capitals of the partners are unequal, for if there is no evidence as to the amounts contributed by them, the share of the whole assets will be treated as equal." Lindl. on Part., 610.   The same author adds in another place: " When it is said that the shares of partners are *prima facie* equal, although their capitals are unequal, what is meant is that losses of capital, like other losses, must be shared equally, but it is not meant that on a final settlement of accounts capitals contributed unequally are to be treated as an aggregate fund which ought to be divided between the partners in equal shares ": *Id.*, 67.   On the contrary, in his chapter devoted to partnership accounts, he expressly tells us that the assets of a partnership should be applied as follows: " 1. In paying the debts and liabilities of the firm to non-partners; 2. In paying to each partner rateably what is due from capital; 3. In paying to each partner rateably what is due from the firm to him in respect of capital; 4. And the ultimate residue, if any, will then be divisible as profits between the partners in equal shares, unless the contrary can be shown ": *Id.*, 806.

In accordance with these principles, the following decision has been made by the Supreme Court of New York, in a case cited in a note to page 610 of Lindley on Partnership: " Where by the terms of the agreement, the defendant furnished the capital stock, and the plaintiff contributed his skill and services, and the profits of the copartnership were to be equally divided, the plaintiff is not entitled to any part of the capital stock on a settlement of the affairs of the

partnership. He has no interest in any part of the capital excepting so far as in the progress of the business the same may have been converted into profits": *Conroy* v. *Campbell*, 13 Jones & Sp., 326. The case, it will be noticed, is exactly in point. And to the same effect in principle are *Whitcomb* v. *Converse*, 22 Am. Rep., 311; *Knight* v. *Ogden*, 2 Tenn. Ch., 473, and *Shepherd ex parte*, 3 Tenn. Ch., 189. No case has been found to the contrary.

Affirm the chancellor's decree.